UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>    v.<br><br>SYED ARHAM ARBAB; ARTIS PROFICIO CAPITAL INVESTMENTS, LLC; and ARTIS PROFICIO CAPITAL MANAGEMENT, LLC,<br><br>       Defendants. | Civil Action File No.<br>3:19-cv-00055-CDL |

ORDER FOR PRELIMINARY INJUNCTION
AND OTHER EQUITABLE RELIEF

The Securities and Exchange Commission ("Commission") having filed a Complaint and Motion for Temporary Restraining Order and Other Equitable Relief and Defendants Syed Arham Arbab ("Arbab"), Artis Proficio Capital Investments, LLC ("APCI"), and Artis Proficio Capital Management, LLC ("APCM") ("collectively "Defendants") having been served with same and having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; and consented to entry of this Order for Preliminary Injunction and Other Equitable Relief ("Order"), without

1

admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph); waived findings of fact and conclusions of law; and waived any right to appeal from this Order

Now, therefore:

## I.

**IT IS HEREBY ORDERED** that, pending further order of this Court:

A. The assets of Defendants Arbab, APCI and APCM are hereby frozen. The freeze shall include but not be limited to those funds located in any bank accounts of the defendants. In addition, proceeds derived from the securities offerings alleged in the Commission's complaint remaining in the custody or control of any defendant are hereby frozen regardless of where said proceeds are located.

B. Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise and each of them, hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent authority, in whatever form such assets presently exist.

C.   That any financial or brokerage institution or other person or entity holding any funds or assets in the name of, for the benefit of, or under the control of defendants, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

D.   Notwithstanding the provisions of this Paragraph I, Defendant Arbab shall be allowed to:

(1) open a new checking account in his own name to fund his living expenses going forward.  This account shall not be covered by the freeze provisions of this order provided that the account only receives assets that Arbab acquired or received after June 1, 2019; and

(2) pending further order of this Court, continue to drive any automobiles that are titled in his name.

## II.

**IT IS FURTHER ORDERED** that Defendant Arbab shall submit in writing to this Court and the Commission within five (5) business days following service of this Order, the following identifying information;

(A)    all names by which every person with authority to exercise control of APCI and APCM is known, all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses and the nationality of such persons; and

(B)    each account with any financial institution or brokerage firm maintained in each defendant's name or held for each defendant's direct or indirect beneficial interest from May 1, 2018 through the present.

### III.

**IT IS FURTHER ORDERED** that Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, emails, text messages,

reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## IV.

**IT IS FURTHER ORDERED** that Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any electronic device that Defendants used at any time from January 2018 through the present.

## V.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, by email, or by mail upon each defendant, their attorney(s), including banks to the extent permitted by law, or by alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## VI.

**IT IS FURTHER ORDERED** that, for purposes of Rule 26(d)(1) for the Federal Rules of Civil Procedure and Local Rule 26A, the date this Order is entered shall be the "responsive pleading" for purposes of the parties' obligation to prepare a discovery order or report.

## VII.

**IT IS FURTHER ORDERED** that Defendants prepare and present to this Court and to the Commission a sworn accounting of all funds received by each Defendant pursuant to the scheme described in the Commission's Complaint and of the disposition and use of said proceeds. This accounting shall include, but not be limited to, the name and address of each investor, the amount invested, the total amount received from investors, the date each such investment was made and a listing of all expenditures showing the amount and to whom paid and the date of payment. The accountings shall be submitted to this Court and served upon the Commission within 20 days from the date of entry of this Order.

## VIII.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for Preliminary Injunction, the Defendants and their agents, servants, employees, attorneys and those persons in active concert or participation with them, be, and they

hereby are, restrained from, directly or indirectly, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

 (1) employing any device, scheme, or artifice to defraud;

 (2) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

 (3) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (4) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading

in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], and Sections 206(1), (2) and (4) of the Investment

Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1), (2) and (4)] and Advisers Act Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8], by directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (ii) disseminating false or misleading documents, materials, or information or making either orally or in writing, any false or misleading statement in any communication with any investor, client, prospective investor or prospective client, about:

    (A)    the use of investor funds;

    (B)    the rates of return from any investment with Defendants; and

    (C)    the education of Defendant Arbab.

## IX.

**IT IS FURTHER ORDERED** that any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of any of the defendants or under their control, and that receives actual notice of this order by personal service, facsimile transmission or otherwise shall, within five (5) business days of receipt of that notice, file with the Court and serve on counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or

description of the assets as of the close of business on the date of receipt of the notice.

## X.

**IT IS FURTHER ORDERED** that this Order does not preclude the Commission from seeking disgorgement and prejudgment interest and the imposition of civil penalties, a permanent injunction or any other relief in this action

## XI.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

ADDED BY THE COURT:  THE COURT NOTES THAT IT MADE NO CHANGES TO THE CONSENT ORDER ABOVE WHICH WAS PRESENTED TO THE COURT JOINTLY BY THE PARTIES.  ALTHOUGH THE ORDER GOES BEYOND THE MERE MAINTAINING OF THE STATUS QUO AND APPEARS TO HAVE BEEN AGREED TO BY DEFENDANTS WHILE ACTING IN THEIR PRO SE CAPACITIES, IT APPEARS THAT DEFENDANTS HAVE AGREED TO SUCH PRELIMINARY RELIEF.  SHOULD DEFENDANTS RECONSIDER, THEY SHALL BE PERMITTED TO FILE A MOTION TO MODIFY THE CONSENT ORDER, WHICH THE COURT WILL CONSIDER IN DUE COURSE.

Dated this **4th** day of **June, 2019**.

                                     s/Clay D. Land
                                     CLAY D. LAND
                                     CHIEF U.S. DISTRICT COURT JUDGE
                                     MIDDLE DISTRICT OF GEORGIA